## CORPORATE STOCK SUBSCRIBED FOR BUT NOT TAKEN.

Circuit Court of Cuyahoga County.

FRANK H. GINN, ASSIGNEE, v. THE CLEVELAND SANITARIUM COMPANY.

Decided, January 11, 1909.

1. A subscriber for stock in a corporation can not be relieved of paying therefor simply by his declaration that he will not take the stock, even if made before any debts have been contracted by the corporation; but if all the stockholders consent to a cancellation of his subscription before any debts are contracted he is relieved therefrom.
2. The consent of all the other stockholders need not be express, if their acquiescence continues unimpeached, with full knowledge of the facts.

*Blandin, Rice & Ginn,* for plaintiff in error.

*E. J. Foster, Scott & Parks, C. W. Dille* and —— *White,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The plaintiff here is the assignee, under the statutes of Ohio, for the benefit of the creditors of the Euclid Avenue Trust & Savings Company, a corporation. The suit is brought against the Cleveland Sanitarium Company, a corporation, and certain natural persons. Among the defendants is John W. Walton, and the only issue tried in this court is an issue between the plaintiff and said Walton, and that issue is upon the question of whether Walton is liable upon an unpaid subscription for stock of the sanitarium company. This company was incorporated on the 11th day of December, 1900. Walton was not one of

the incorporators. Shortly after the incorporation books for subscriptions to the capital stock were opened and Walton subscribed for five shares of the stock. He was elected a director and then by the vote of the directors he was elected president of the corporation. Shortly after that and before any certificates of stock had been issued to anybody and before any debts had been incurred, Mr. Walton, at a meeting of the stockholders, of which all the stockholders had notice, but which was attended by only a part of them, stated in the open meeting that he had been induced to subscribe because of representations made to him by the promoter, which he claimed were not being carried out, and he stated he would refuse to take out any stock. However, after some conversation among the stockholders present at this meeting, he agreed to take one share and one share only of such stock. Several of the stockholders present affirmatively stated that this action of Walton's was acceptable to them, and no stockholder present made any objection in any wise to the position taken by Mr. Walton. Thereafter, Mr. Walton, so far as he was able to do, notified each stockholder whom he supposed might have been influenced to subscribe by the fact that he had subscribed for five shares, then that he withdrew such subscription and was to take out but one share. This fact seems to have been known early to all of the stockholders. One share of stock was issued to Mr. Walton, for which he paid, and on which he has since paid 100 per cent. as his statutory liability. At a meeting of the stockholders later Mr. Walton appeared and voted one share and one share only of the stock. The claim made here by the plaintiff is that Walton having originally subscribed for five shares of stock and having paid for but one is still liable for the remaining four shares, both upon his subscription and upon his statutory liability as a stockholder.

We recognize the law to be as claimed by the plaintiff that no subscriber for the stock of a corporation can be relieved of his liability by simply declaring that he will not take the stock, even though such declaration is made before any indebtedness is incurred by the corporation, but we understand the law

further to be that so long as there are no debts of the corporation, the stockholders among themselves may, if all agree to it, release one who has subscribed for stock. This is necessarily so, because all the stockholders may agree among themselves that they will abandon the corporation and none of them pay anything. And the question remaining is only whether Walton by unanimous consent of the stockholders was released from his subscription. It is said that since the issuing of certificates of stock is not necessary in order to constitute one a stockholder of a corporation, the fact that a certificate for but one share was issued to Mr. Walton does not release him from his obligation as a subscriber to the stock or as a stockholder, and this is true. But the fact that the certificate for one share was issued to him, as shown by the records of the corporation, and that he thereafter appeared at a stockholder's meeting and voted but one share, without any protest on the part of anybody, or claim that he was a stockholder in a larger amount, we think has a bearing upon the question of whether he was released by the unanimous consent of the stockholders.

In Section 169 of *Cook on Corporations*, it is said:

"A subscriber for stock in a corporation can not obtain a cancellation of his subscription except by the unanimous consent of the other subscribers. By unanimous consent, however, of the stockholders, a subscription may be canceled and a subsequent creditor of the corporation can not complain. The consent of all other stockholders need not be express, if the means of notice are sufficient so as to raise a clear presumption of knowledge and acquiescence and if the arrangement is left unimpeached by any one for many years no objection can be made."

In the case before us there was an acquiescence by all of the stockholders. There has never been any complaint by any of them nor was any complaint made by anybody until after the bringing of this action.

At the beginning of this action Walton was not made a party, but was brought in some time after the action was begun, and the claim against him is for the benefit of creditors at the time that Walton announced the withdrawal of his subscription, so

that the creditors for whose benefit a recovery is sought here are creditors who became such after Walton's withdrawal.

We think the fair conclusion to be drawn from the evidence here is that Walton announced his withdrawal of the subscription for the four shares of stock for which he has never paid; that it was acquiesced in by all of those interested in the corporation at the time, to-wit, all of the other stockholders or subscribers for stock, and that therefore the plaintiff is not entitled to a recovery against Walton, and judgment will be entered in his favor.